UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUWITO AJUB,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2881

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Correctional Facility in Battle Creek, Calhoun County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.16.) In an order entered on October 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 3.) Respondents filed their response and a recording[1] of the August 22, 2025 bond hearing on October 15, 2026, (Resp., ECF No. 4; Recording of Aug. 22, 2025, Bond Hearing, filed on Oct. 15, 2026), and Petitioner filed his reply on October 21, 2026, (Corrected Reply, ECF No. 7).

## II. Relevant Factual Background

Petitioner is a citizen of Indonesia who was admitted to the United States on December 16, 2021, pursuant to a B1/B2 non-immigrant visa, with authorization to remain in the United States until June 15, 2022. (Pet., ECF No. 1, PageID.2; Notice to Appear (NTA), ECF No. 1-5, PageID.23.) Petitioner overstayed his visa and, on May 15, 2025, Petitioner was arrested by ICE. (NTA, ECF No. 1-5, PageID.23; Pet., ECF No. 1, PageID.2.)

On August 22, 2025, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226(a). (*Id.*, PageID.3.) At the conclusion of the parties' arguments at the bond hearing, the Immigration Judge (IJ) denied bond, stating that "[Petitioner] has not met his burden." Recording of Aug. 22, 2025, Bond Hearing, at 1:36:25–1:36:40, filed on July 8, 2026, *Ajub v. Unknown Party* (*Ajub I*), No. 1:26-cv-1977 (W.D. Mich. July 8, 2026), (ECF No. 4). In the written order denying bond, the IJ stated: "Danger to the Community and Flight Risk." (IJ Order, ECF No. 1-14, PageID.167.)

On July 15, 2026, the Court dismissed Petitioner's first § 2241 petition challenging the IJ's factual determinations in the bond decision in *Ajub I*, No. 1:26-cv-1977 (W.D. Mich.), because

---

[1] Although Respondents filed a recording of the August 22, 2025 bond hearing in this case, the recording provided is not the complete recording of the bond hearing. (*See* Recording of Aug. 22, 2025, Bond Hearing, filed on Oct. 15, 2026.) The recording submitted in this case cuts out before the Immigration Judge's ruling. (*See id.*) In Petitioner's first habeas case, *Ajub v. Unknown Party (Ajub I)*, No. 1:26-cv-1977 (W.D. Mich.), Respondents provided the complete recording of the August 22, 2025 bond hearing, which included the Immigration Judge's ruling. *See* Recording of Aug. 22, 2025, Bond Hearing, filed on July 8, 2026, *Ajub I*, (W.D. Mich.), (ECF No. 4). Therefore, the Court has reviewed the recording filed in *Ajub I* to determine whether the Immigration Judge applied an unconstitutional burden of proof in this case.

Petitioner had not exhausted his administrative remedies. Op. & Jud., *Ajub I*, (W.D. Mich. July 15, 2026), (ECF Nos. 7, 8). On August 7, 2026, Petitioner filed a motion for a second bond hearing in Immigration Court due to changed circumstances and the amount of time that had passed since Petitioner's bond hearing on August 22, 2025. (Pet., ECF No. 1, PageID.4.) On August 18, 2026, an IJ denied Petitioner's motion for a second bond hearing. (*Id.*, PageID.4–5; IJ Order, ECF No. 1-20, PageID.273.)

Petitioner filed the present § 2241 petition on October 7, 2026, in which he argues that the IJ did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on August 22, 2025. (Pet., ECF No. 1, PageID.11–12.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. (Resp., ECF No. 4, PageID.280–283.) The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the

scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 5, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge